IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

LOYD WALTER HALL (01)
a/k/a "Jamie Hall" and "James William"
JESUS QUEZADA MEZA (02)
a/k/a "Dumas" and "Jesus Jose" and "Jose De Jesus Quezada"
OMAR VELASQUEZ (03)
a/k/a "Jua.Pian" and "Uncle"
CATLYNN ANN TOWNSEND (04),

Defendants.

No. 2:26-CR-066-Z

**PROTECTIVE ORDER**

Before the Court is the Government's Motion for Protective Order Governing Disclosure of Discovery Materials ("Motion"). ECF No. 49. The Court has considered the Motion and finds that good cause has been established to restrict discovery in this case. The Court believes a protective order is a reasonable measure that protects the rights of the defendants, the public, and witnesses involved in this case. Therefore, pursuant to Rules 16 and 49.1 of the Federal Rules of Criminal Procedure and the inherent authority of this Court, it is hereby **ORDERED** that:

1. Discovery Material[1] " shall not be further disseminated[2] by the defendants or the counsels of record to any individuals, organizations or other entities, other than: (i) members

[1] "Discovery Material" includes, but is not limited to, direct messages, audio recordings, emails, videos, screen captures, electronic payments, and other materials obtained through covert means during the course of this investigation.
[2] "Disseminated" means to provide or show to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and administrative staff) and (ii) experts retained to assist in the preparation of the defense or to determine if a plea of guilty is appropriate.

2. Defense counsel shall advise any person to whom the Discovery Material is disclosed in accordance with this Order that further disclosure or dissemination is prohibited without defense counsel's express consent.

3. Discovery Material shall not be maintained by the defendants, nor be in the sole physical custody of the defendants, nor shall the defendants be permitted to make notes of the content of said materials and keep such notes with them or disperse such notes or the contents thereof to anyone other than the attorneys or members of the attorneys' staff.

4. The Discovery Material in this case is now and will forever remain the property of the United States Government. At the conclusion of this case, all Discovery Material shall be destroyed or maintained under secure conditions by defense counsel. Upon written request of the government, all Discovery Material shall be returned to the Government.

Lastly, should any party wish to use any of the discovery items as an exhibit to a motion or at trial, that party is responsible for complying with the standard rules regarding protecting personal identifying information by redacting the document and/or seeking leave to file the document under seal.

**SO ORDERED.**

July 23, 2026.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE